2011 ND 91

**Linda A. SMESTAD, Plaintiff and Appellee**

v.

**Bruce G. HARRIS, Defendant and Appellant.**

**No. 20100216.**

Supreme Court of North Dakota.

May 11, 2011.

Charles R. Isakson, Bismarck, N.D., for plaintiff and appellee.

Bruce G. Harris, Mandan, N.D., self-represented.

CROTHERS, Justice.

[¶ 1] Bruce G. Harris appeals from a judgment awarding Linda A. Smestad $30,025 plus interest for loans Smestad claimed she made to Harris during their 18–month relationship. We conclude the district court's findings that an oral agreement existed between the parties for Harris to repay Smestad $30,025 for the loans and that Harris failed to prove his counterclaims are not clearly erroneous. However, we further conclude the oral loan agreement is unenforceable under the statute of frauds in N.D.C.C. § 9–06–04(4). We affirm the judgment in part, reverse in part, and remand for further proceedings to consider Smestad's claim based on unjust enrichment.

I

[¶ 2] Smestad and Harris were involved in a personal and business relationship from spring 2007 through late 2008. The couple did not marry, but Smestad moved into Harris's Mandan home in November 2007. Harris owned and operated Oasis Water Systems, Inc. ("Oasis"), a Subchapter S corporation with Harris as the sole shareholder. Smestad worked as an engineering technician for the city of Bismarck and also had a part-time job. During their relationship, Smestad, using two checking accounts, wrote numerous checks to Harris, Oasis, and others on behalf of Harris and Oasis.

[¶ 3] After the relationship ended, Smestad brought this action against Harris seeking more than $112,000 "as reimbursement/repayment for monies" she had provided to him. Smestad claimed the

"funds were provided with the understanding of both parties that they were in the nature of loans, subject to immediate or on demand repayment." Harris denied the allegations in the complaint and asserted the statute of frauds as an affirmative defense. Harris also counterclaimed seeking "dissolution of informal partnership" and $50,000 damages for libel and slander, breach of contract, unjust enrichment, fraud and deceit, and conversion.

[¶ 4] At the bench trial, Smestad testified the parties had an oral agreement that Harris would repay her for the loans she had made to Harris and Oasis. Harris claimed the payments were not loans, but were intended to compensate him for work projects completed on homes owned by Smestad, her brother, and her parents. The district court found "Smestad's testimony to be more credible than Harris' testimony" and awarded Smestad $30,025 for some of the loans she had made to Harris. The court refused to order repayment of any loans Smestad made to Oasis because the corporation was not a party to the action. The court also ordered a van and generator owned jointly by Smestad and Harris be sold and the net proceeds divided equally between the parties. The court dismissed Harris's counterclaims, finding that "Harris has failed in burden of proof as to each claim, and that additionally, he failed to prove measurable damages, if any, for these causes of action."

## II

[¶ 5] Harris, who is representing himself on appeal, lists about 35 one-sentence "issues" in the "statement of the issues" portion of his brief. These "issues" range from alleged trial court errors to criticism of his trial attorney's handling of the case. These "issues" are not further developed or explained in the body of the brief. Instead, Harris makes additional allegations about improper conduct on the part of the trial judge, Smestad's attorney and his trial attorney, which also are not developed into comprehensible arguments. These "issues" are inadequately briefed for our consideration. *See, e.g., Olsrud v. Bismarck–Mandan Orchestral Ass'n*, 2007 ND 91, ¶ 25, 733 N.W.2d 256. "[F]ailure to adequately brief [arguments on appeal] precludes relief on [those] issue[s]." *Darby v. Swenson Inc.*, 2009 ND 103, ¶ 23, 767 N.W.2d 147. We conclude these "issues" are without merit. *See Olsrud*, at ¶ 25.

[¶ 6] For the most part, Harris's allegations challenge the district court's refusal to accept Harris's version of the facts. A district court's findings of fact will not be reversed on appeal unless they are clearly erroneous under N.D.R.Civ.P. 52(a). " 'A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, after reviewing the entirety of the evidence, this Court is left with a definite and firm conviction a mistake has been made.' " *Murphy v. Rossow*, 2010 ND 162, ¶ 11, 787 N.W.2d 746 (quoting *Lynnes v. Lynnes*, 2008 ND 71, ¶ 12, 747 N.W.2d 93). Here, Smestad testified the parties had an agreement that Harris would repay her for the loans she had made to Harris. Smestad presented evidence in the form of checks and other records of bank transactions, and the district court's award is within the range of the evidence presented. *See Cavendish Farms, Inc. v. Mathiason Farms, Inc.*, 2010 ND 236, ¶ 20, 792 N.W.2d 500; *Pioneer Fuels, Inc. v. Montana–Dakota Utils. Co.*, 474 N.W.2d 706, 711 (N.D.1991). Based on its evaluation of the parties' credibility, the court also found Harris failed to meet the burden of proof for the causes of action in his counterclaim and failed to prove any measurable damages.

"The district court is the best credibility evaluator in cases of conflicting testimony, and we will not second-guess its credibility findings." *In re Maedche,* 2010 ND 171, ¶ 11, 788 N.W.2d 331.

[¶ 7] We conclude the district court's findings that Harris orally agreed to repay Smestad $30,025 for the loans and that Harris had not proven his counterclaims are not clearly erroneous.

### III

■ [¶ 8] One issue Harris has sufficiently raised in his appellate brief is whether the district court's award of $30,025 to Smestad is barred by the statute of frauds.

■ [¶ 9] Section 9–06–04(4), N.D.C.C., provides in relevant part:

"The following contracts are invalid, unless the same or some note or memorandum thereof is in writing and subscribed by the party to be charged, or by the party's agent:

. . . .

4. An agreement or promise for the lending of money or the extension of credit in an aggregate amount of twenty-five thousand dollars or greater."

The statute of frauds is an affirmative defense that must be pled or else it is waived. *See Farmers Co-op. Elevator v. Lemier,* 328 N.W.2d 833, 835 n. 1 (N.D. 1982); *Wilhelm v. Berger,* 297 N.W.2d 776, 778 (N.D.1980). Although Harris's trial attorney pled the statute of frauds as an affirmative defense in his answer and further argued the applicability of the statute of frauds defense in his brief to the trial court, the court did not address the statute of frauds in its decision.

■ [¶ 10] Because an oral agreement is neither in writing nor subscribed by the party to be charged, *see Kuntz v. Kuntz,*

1999 ND 114, ¶ 10, 595 N.W.2d 292; *Jerry Harmon Motors, Inc. v. First Nat'l Bank & Trust Co.,* 472 N.W.2d 748, 753 (N.D. 1991), the statute of frauds defense under N.D.C.C. § 9–06–04(4) applies to an oral promise to make a loan. *See Anheluk v. Ohlsen,* 390 F.Supp.2d 865, 871 (D.N.D. 2005), *aff'd on other grounds,* 459 F.3d 874 (8th Cir.2006). If the aggregate amount of a series of loans is $25,000 or more, an oral agreement for the loans is unenforceable. *See First State Bank v. Oster,* 500 N.W.2d 593, 595 (N.D.1993).

■ [¶ 11] Consistent with the requirement that the statute of frauds be specifically pled as an affirmative defense, the statute of frauds affects only the remedy on the contract, and to the extent a promisor waives the protection, the contract is enforceable against the promisor. *See Baldus v. Mattern,* 93 N.W.2d 144, 152 (N.D.1958). Consequently, the statute of frauds does not render an oral contract void, but merely makes the contract unenforceable against the promisor. *See Guthman v. Moss,* 150 Cal.App.3d 501, 198 Cal.Rptr. 54, 59 (1984) (use of term "invalid" in statute of frauds means voidable rather than void); 10 R. Lord, *Williston on Contracts* § 27:5 (4th ed.1999); 4 C. Brown, *Corbin on Contracts* § 12.9 (rev. ed.1997). "[I]f a contract is not severable, and part of it is within the statute of frauds, it is unenforceable as a whole, and no action can be maintained to enforce the part which would not have been affected by the statute of frauds if it had been separate and distinct from the other part." *Hofmann v. Stoller,* 320 N.W.2d 786, 789 (N.D.1982).

[¶ 12] Because N.D.C.C. § 9–06–04(4) requires consideration of the "aggregate" amount of a series of loans, each loan cannot be considered a severable part of the parties' oral agreement. In *Oster,* 500 N.W.2d at 594, 595, the appellant argued

that he had an oral agreement with a bank in which the bank would annually "'roll over'" three loans in the amounts of $12,500, $7,500, and $65,797.88. Although separate consideration of the first two loans would have resulted in an amount not subject to the $25,000 limit in the statute of frauds, this Court concluded that because "the aggregate amount [of the three loans] exceeded $25,000," "the alleged oral agreement was unenforceable under Section 9–06–04(4), N.D.C.C." *Oster,* at 595.

[¶ 13] Here, the district court found the parties had an oral loan agreement for funds exceeding $25,000. We conclude the oral loan agreement is unenforceable under the statute of frauds.

[¶ 14] Smestad argues she should nevertheless prevail because this Court has recognized that "[w]here the promisor receives a direct personal benefit as a result of the promise, the promise is outside the statute of frauds." *Nelson v. TMH, Inc.,* 292 N.W.2d 580, 585 (N.D.1980). "A party with an adequate remedy at law generally is not entitled to an equitable remedy." *Erickson v. Brown,* 2008 ND 57, ¶ 39, 747 N.W.2d 34. The district court necessarily determined Smestad had an adequate remedy at law by awarding her $30,025 based on an oral loan agreement with Harris. However, the district court did not address the statute of frauds.

[¶ 15] In her complaint, Smestad sought "such other and further relief as the Court deems just and equitable." We reverse in part and remand this case to the district court for determination whether Smestad has requested equitable relief against Harris that now should be considered by the court. We note the judge presiding over the first proceeding has retired. "On remand, the district court will need to make a Rule 63, N.D.R.Civ.P., certification prior to conducting further

proceedings or, alternatively, order a new trial." *Clark v. Clark,* 2005 ND 176, ¶ 18, 704 N.W.2d 847. Rule 63, N.D.R.Civ.P., requires:

"If a judge conducting a hearing or trial is unable to proceed, any other judge may proceed upon certifying familiarity with the record and determining that the case may be completed without prejudice to the parties. In a hearing or a nonjury trial, the successor judge must, at a party's request, recall any witness whose testimony is material and disputed and who is available to testify again without undue burden. The successor judge may also recall any other witness."

IV

[¶ 16] We affirm in part, reverse in part, and remand for further proceedings consistent with this decision.

[¶ 17] GERALD W. VANDEWALLE, C.J., DALE V. SANDSTROM, CAROL RONNING KAPSNER, and MARY MUEHLEN MARING, JJ., concur.