Filed 8/16/12 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2012 ND 166

Linda A. Smestad, Plaintiff and Appellee

v.

Bruce G. Harris, Defendant and Appellant

No. 20120051

Appeal from the District Court of Morton County, South Central Judicial District, the Honorable Cynthia Mae Feland, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Charles R. Isakson, 103 South 3rd Street, 2nd Floor, P.O. Box 1258, Bismarck, ND 58502-1258, for plaintiff and appellee.

Bruce G. Harris, self-represented, P.O. Box 2652, Bismarck, ND 58502-2652, defendant and appellant.

Smestad v. Harris

No. 20120051

Crothers, Justice.

[¶1] Bruce G. Harris appeals a district court judgment awarding Linda A. Smestad $30,025 plus interest on the theory of unjust enrichment.  Harris argues the district court erred by (1) deciding the issue remanded without notifying Harris or holding a hearing, (2) considering unjust enrichment because Smestad’s complaint did not include an unjust enrichment claim and (3) finding Smestad proved unjust enrichment.  We affirm.

I

[¶2] Our prior decision in this case contains the relevant facts, and we will not repeat them except as necessary to resolve the issues raised in this appeal.  
See
 
Smestad v. Harris
 (“
Smestad I
”), 2011 ND 91, 796 N.W.2d 662.  Smestad and Harris were involved in a personal and business relationship from spring 2007 through late 2008.  Harris owned and operated Oasis Water Systems, Inc.  During the relationship, Smestad wrote numerous checks to Harris, Oasis and others on behalf of Harris and Oasis.  After the relationship ended, Smestad brought an action seeking repayment of more than $112,000 in loans she made to Harris and Oasis.  Following a bench trial, the district court found Harris orally agreed to repay Smestad some of the loans to Harris and awarded Smestad $30,025 plus interest.  Harris appealed.  

[¶3] In 
Smestad I
, we affirmed in part, reversed in part and remanded for further proceedings.  We concluded the district court’s finding of an oral agreement was not clearly erroneous and further concluded the oral agreement was unenforceable under the statute of frauds, N.D.C.C. § 9-06-04(4), because the aggregate amount of the loan exceeded $25,000.  Noting Smestad’s complaint sought “such other and further relief as the Court deems just and equitable,” we remanded for determination whether Smestad had requested equitable relief against Harris that must be considered by the district court.  We  recognized the district court judge who decided 
Smestad I
 had retired and stated the district court would either need to make an N.D.R.Civ.P. 63 certification before conducting further proceedings or order a new trial. 

[¶4] On remand, the new judge certified familiarity with the record and determined she could proceed without prejudicing the parties.  The district court determined no additional proceedings were necessary and relied on the record to resolve the case.  In an order dated September 23, 2011, the district court found Smestad was entitled to equitable relief under the theory of unjust enrichment.  The next document in the record is a “Proposed Judgment” filed November 8, 2011.  The record is not clear who filed the document.  On November 17, 2011, the district court filed a judgment ordering Harris to pay Smestad $30,025 plus interest.  On November 17, 2011, Smestad mailed Harris notice of entry of judgment.  

[¶5] On November 30, 2011, Harris filed a “Motion for Relief and Motion for New Trial,” in which he argued the district court judgment was erroneous for several reasons, including that he did not have the opportunity to present additional evidence or argument on remand and that he did not learn of the judgment until it was published on the North Dakota Supreme Court website.  Harris included with the motion a “Defendant’s Affidavit of Service by Publication,” in which he stated, “[T]he defendant had no actual notice or knowledge of the Proposed Judgment action to enable the defendant to make application to defend before the entry of judgment.”  The district court denied the motion.

II

[¶6] Harris argues the district court erred by deciding the issue remanded without holding an additional hearing and by failing to notify him of its decision before filing the judgment.  Smestad responds that no additional proceedings were necessary on remand and asserts Harris’ arguments regarding the district court’s failure to hear additional evidence are an attempt to relitigate the case.

[¶7] Absent specific instructions from this Court, a district court deciding an issue on remand must exercise its discretion when determining the procedure to follow.  As we stated in 
Livinggood v. Balsdon
,

“When this Court specifies a defect to be cured and remands for redetermination of an issue without specifying the procedure to be followed, the trial court need only rectify the defect in a manner consistent with our opinion and conformable to law and justice. . . .  Thus, when we reverse and remand for a trial court to address an issue . . . unless otherwise specified, the trial court may decide based on the evidence already before it or may take additional evidence.  The decision on taking additional evidence will be reversed only if the trial court abused its discretion.”

2006 ND 215, ¶ 5, 722 N.W.2d 716 (quoting 
Kautzman v. Kautzman
, 2000 ND 116, ¶ 7, 611 N.W.2d 883 (internal citations omitted)).  “A district court abuses its discretion if it acts in an arbitrary, capricious, or unreasonable manner, or if it misinterprets or misapplies the law.”  
Thompson v. Schmitz
, 2009 ND 183, ¶ 19, 774 N.W.2d 263.

[¶8] On remand, the new district court judge relied on the record, including the trial transcript and the findings of the previous district court judge, to determine whether Smestad was entitled to equitable relief.  We note that the better practice would have been to notify the parties and to determine on the record whether the parties thought  a hearing or an opportunity to present additional evidence was necessary.  However, as we explain below, the record contained sufficient information to support the district court’s finding that Smestad was entitled to restitution for unjust enrichment, and we cannot conclude the district court abused its discretion by relying on the record.

III

[¶9] Harris argues the district court erred by considering whether Smestad was entitled to equitable relief because Smestad’s complaint did not include an unjust enrichment claim.  Smestad responds the district court properly considered whether she was entitled to equitable relief because her complaint included a demand for “such other and further relief as the Court deems just and equitable.”

[¶10] The district court did not specifically address the question whether Smestad requested equitable relief.  However, by concluding Smestad was entitled to relief for unjust enrichment, the court impliedly found that Smestad asserted that claim for  relief.  Under N.D.R.Civ.P. 8(a), a complaint need contain only “(1) a short and plain statement of the claim showing that the pleader is entitled to relief; and (2) a demand for the relief sought, which may include relief in the alternative or different types of relief.”  The purpose of N.D.R.Civ.P. 8(a) is to give a defendant notice of the nature of a plaintiff’s claims.  
Estate of Hill
, 492 N.W.2d 288, 296 (N.D. 1992).  

[¶11] Recognizing the purpose of our notice pleading requirements, we have stated the district courts “have jurisdiction to provide a remedy where none exists at law—even if the parties have not specifically requested an equitable remedy—whenever the pleadings sufficiently give notice of the party’s right and demand a judgment pursuant to Rule 8, NDRCivP.”  
Estate of Hill
, 492 N.W.2d at 296.  “Therefore, if the original complaint shows reason to grant relief, the court may consider and determine all equitable matters that are properly incidental to the complete determination of the subject matter of the case and to do complete justice between the parties.”  
Id.
 at 296-97.

[¶12] Smestad’s complaint alleged she was entitled to repayment of loans made to Harris during their relationship and demanded a money judgment and “such other and further relief as the Court deems just and equitable.”  Although Smestad did not specifically demand relief for unjust enrichment, her complaint gave Harris fair notice that she may be entitled to recover her money by way of equitable relief.

[¶13] Our conclusion that the complaint requested equitable relief does not resolve the question whether the district court erred by considering whether Smestad was entitled to equitable relief.  We have never decided whether an individual who has performed in accordance with a contract that is unenforceable under the N.D.C.C. § 9-06-04 statute of frauds may recover restitution.  The majority of courts deciding the issue have determined restitution is an available remedy when a contract is void or unenforceable under the statute of frauds.  
See
 4 Caroline N. Brown, 
Corbin on Contracts
 § 14.3 (Joseph M. Perillo ed., 1997); 10 Richard A. Lord, 
Williston on Contracts
 § 27:22 (4th ed. 2011).  As explained in 
Williston
, denying equitable relief when a party has performed would be contrary to the purpose of the statute of frauds: 

“Whether an agreement within the Statute of Frauds is void or merely unenforceable, one who has partly performed the agreement and who is not in default in continuing performance should be compensated for any benefit that has been furnished the other party if the latter refuses to perform. 

“The general rule is that a party who refuses to continue performing a contract that is unenforceable by reason of the Statute, after having derived a benefit from a part performance by the other party, must pay for or return what has been received from the other party under the contract.  The Statute of Frauds was never intended to be used to permit one relying on it to enrich itself at the expense of another or to aid in defrauding the other person.  To permit a party to an oral contract to accept the benefits of the contract and then invoke the Statute to avoid payment would be using the Statute to perpetrate a fraud.  The rule is of general application except in certain cases principally involving actions for real estate brokers’ commissions or under home improvement contractor statutes, in which the right to recovery would defeat or nullify the very purpose of the Statute.”

10 Lord, 
supra
, § 27:22 at 290-94 (footnotes omitted).  We agree with the reasoning in 
Williston
 and hold that a party barred by N.D.C.C. § 9-06-04 from recovering on a contract may be entitled to restitution.

IV

[¶14] Harris argues the district court erred by finding Smestad was entitled to recover money under the theory of unjust enrichment.  Smestad responds the district court correctly found she proved each element of unjust enrichment.

[¶15] We review a district court’s findings of fact for clear error.  N.D.R.Civ.P. 52(a)(6).  “A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, after reviewing the entirety of the evidence, this Court is left with a definite and firm conviction a mistake has been made.”  
Smestad I
, 2011 ND 91, ¶ 6, 796 N.W.2d 662 (quotation omitted).  A district court’s determination whether the facts support a finding of unjust enrichment is a conclusion of law that is fully reviewable on appeal.  
Midland Diesel Serv. & Engine Co. v. Sivertson
, 307 N.W.2d 555, 557 (N.D. 1981). 

[¶16] “Unjust enrichment is a broad, equitable doctrine which rests upon quasi or constructive contracts implied by law to prevent a person from unjustly enriching themselves at the expense of another.”  
Estate of Hill
, 492 N.W.2d at 295.  “The doctrine serves as a basis for requiring restitution of benefits conferred in the absence of an express contract.”  
Id.
  Unjust enrichment requires “(1) an enrichment; (2) an impoverishment; (3) a connection between the enrichment and the impoverishment; (4) absence of a justification for the enrichment and impoverishment; and (5) an absence of a remedy provided by law.”  
Id.

[¶17] Harris argues the district court erred by finding Smestad proved unjust enrichment for two reasons.  Harris argues that Smestad, not Harris, was unjustly enriched because Harris was not compensated for the remodeling and landscaping he completed for Smestad and her relatives.  Harris made essentially the same argument when he challenged the district court’s refusal to accept his version of the facts in 
Smestad I
, 2011 ND 91, ¶ 6, 796 N.W.2d 662.  We rejected the argument, stating: “The district court is the best credibility evaluator in cases of conflicting testimony, and we will not second-guess its credibility findings.”  
Id.
 (quotation omitted).  On remand, the district court again found Smestad’s version of the facts more credible than Harris’.  The district court found (1) Harris was enriched because he received money from Smestad, (2) Smestad was impoverished because the money was no longer available for her use, (3) the enrichment and impoverishment were connected because Harris orally agreed to repay Smestad and (4) the enrichment was not justified as a gift or for any other reason.  We would not second-guess the district court’s credibility determinations in 
Smestad I
, and we will not do so here.  The district court’s findings that Smestad proved the first four elements of unjust enrichment are supported by the evidence and are not clearly erroneous.

[¶18] Harris argues the district court erred by finding Smestad had no remedy at law.  Harris asserts Smestad “had alternative remedies available to her at all stages of these proceedings, but failed to employ them.”  Based on Harris’ briefing, it is unclear what he claims those remedies were.  However, we need not consider the issue further because it was resolved in 
Smestad I
 when we concluded the oral loan agreement was unenforceable under the statute of frauds.  2011 ND 91, ¶ 13, 796 N.W.2d 662.  The district court correctly recognized our previous holding controlled the issue and found Smestad lacked a legal remedy because the agreement was unenforceable under the statute of frauds.   

[¶19] The district court’s findings of fact were not clearly erroneous, and those findings support the legal conclusion Harris was unjustly enriched by Smestad.  The district court did not err by finding Smestad was entitled to restitution for unjust enrichment.

V

[¶20] We affirm the district court judgment.

[¶21] Daniel J. Crothers

Mary Muehlen Maring

Carol Ronning Kapsner

VandeWalle, Chief Justice, dissenting.

[¶22] 
I respectfully dissent.  This case presents the “perfect storm” of events that I believe called for a hearing in the trial court.

[¶23] In 
Smestad v. Harris
 (“
Smestad I
”), 2011 ND 91, ¶ 15, 796 N.W.2d 662, we held:  

We reverse in part and remand this case to the district court for determination whether Smestad has requested equitable relief against Harris that now should be considered by the court.

We obviously believed there was a question of whether or not such relief had been requested or we would have determined that issue for ourselves as a matter of law.  The trial court in 
Smestad I
 did not decide the issue of unjust enrichment.  Rather, on appeal, when faced with the possibility that the statute of frauds might undermine the trial court’s judgment, Smestad relied on ready-made, or boiler plate language in the complaint (“such other and further relief as the court deems just and equitable”) to argue that she had no adequate remedy at law because the oral loan agreement was unenforceable under the statute of frauds and she was now entitled to equitable relief. 

[¶24] Not only was there an issue of whether or not Smestad adequately pled her claim for equitable relief, Harris was entitled to argue Smestad had failed to prove the elements of unjust enrichment if her claim was adequately pled.  Furthermore, there is, as the majority opinion discusses at ¶ 13, the question of whether or not a person who has performed under a contract that is unenforceable under the statute of frauds may recover restitution.   This is an issue of first impression with this Court.  Yet, on remand, Smestad was not given the opportunity to argue those issues to the trial court. 

[¶25] Add to this mix the fact that a new judge was assigned to the case because the original trial court judge had retired.  Although the newly assigned judge complied with N.D.R.Civ.P. 63, as directed by our opinion in 
Smestad I
, I do not believe that is adequate under the circumstances in this case.  To the extent that our direction may have misled the new trial judge to believe that compliance with Rule 63 was all that was required, we should now correct that impression. Whether or not Harris was entitled to introduce new evidence on remand, he was entitled to argue the questions of fact and law involving the adequate pleading of equitable relief.  More significantly, because the newly assigned judge had not heard the witnesses, Harris should have been given the opportunity to argue whether or not under the facts in the record Smestad proved the elements of unjust enrichment.  Finally, Harris should have been heard on the legal question of the right of a party to an unenforceable contract under the statute of frauds to recover restitution.  Harris was not given that opportunity and, as a matter of process, I would reverse the judgment and remand to allow him that opportunity.

[¶26] Gerald W. VandeWalle, C.J.

Dale V. Sandstrom