# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2020 ND 6

| | |
|---|---|
| Michael McDougall and Bonita McDougall, | Plaintiffs and Appellants |
| v. | |
| AgCountry Farm Credit Services, PCA, | Defendant, Third-Party Plaintiff, |
| | and Appellee |
| and | |
| Any person in possession, and All persons unknown, claiming any estate or interest in, or lien or encumbrance upon, the real estate described in the Third Party Complaint, | Third-Party Defendants |

### No. 20190140

Appeal from the District Court of Towner County, Northeast Judicial District, the Honorable Donovan J. Foughty, Judge.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

Opinion of the Court by VandeWalle, Justice.

Kip M. Kaler (argued) and Patrick J. Sinner (appeared), Fargo, ND, for plaintiffs and appellants.

John D. Schroeder, Grand Forks, ND, for defendant, third-party plaintiff and appellee.

**VandeWalle, Justice.**

[¶1] Michael and Bonita McDougall ("McDougalls") appealed from a judgment dismissing their deceit and unjust enrichment claims against AgCountry Farm Credit Services, PCA and granting summary judgment in favor of AgCountry on its claims to enforce assignment of rents and to foreclose a mortgage. We conclude the district court erred by concluding the McDougalls' deceit claim was precluded by the statute of frauds. We reverse the judgment as to the deceit and unjust enrichment claims, affirm the judgment on the remaining claims, and remand.

I

[¶2] The McDougalls owned agricultural property ("home quarter") described as:

> The North half of the Southeast Quarter (N1/2SE1/4) and the South Half of the Northeast Quarter (S1/2NE1/4), Section Twenty-five (25), Township One Hundred Sixty-two (162), Range Sixty-seven West (67W) 5th P.M., Towner County, ND.

The McDougalls' son and daughter-in-law, Kent and Erica McDougall, owned the home quarter at one time, but sold the property to the McDougalls in 2011. The McDougalls alleged Kent and Erica McDougall continued to use and live on the property after the 2011 sale.

[¶3] Kent and Erica McDougall conducted a farming operation and received some of the financing for the farming operation from AgCountry. In 2015 and 2016, Kent and Erica McDougall sought to refinance their debt through AgCountry and to borrow additional funds. The McDougalls alleged Kent and Erica McDougall's AgCountry loan officer, Dean Aanderud, told Kent and Erica McDougall that he was working on refinancing their existing loans and obtaining a new loan and that the prospects for receiving financing "looked good." The McDougalls further alleged that Aanderud advised Kent and Erica McDougall that they needed a loan extension to continue working on the

1

refinancing and suggested they offer more collateral to secure their debt and that Kent McDougall agreed to speak to the McDougalls about transferring the home quarter to use as collateral with the understanding that AgCountry would agree to lend additional funds. The McDougalls claimed Kent and Erica McDougall's loans became delinquent and AgCountry executives internally expressed concern about the delinquencies and its ability to be paid for the existing debt.

[¶4] On March 31, 2016, Kent and Erica McDougall signed various loan agreement modifications for their AgCountry loans, which extended the installment payments on some of the loans and the maturity dates on other loans. They also signed a mortgage on most of the home quarter to secure the loans. On April 5, 2016, the McDougalls transferred the home quarter to Kent and Erica McDougall. The McDougalls alleged Kent McDougall called AgCountry on April 6, 2016, to check on the progress of the refinancing and the new loan and learned Aanderud no longer worked at AgCountry. They alleged that on April 7, 2016, an AgCountry executive told Kent and Erica McDougall "we should have had this discussion a long time ago and been sat down to talk about our financial situation" and "things weren't looking good." On April 7, 2016, Kent and Erica McDougall deeded the home quarter back to the McDougalls.

[¶5] In 2018, the McDougalls sued AgCountry, requesting the district court declare the mortgage on the home quarter is void. They also sought damages on claims of deceit, conversion, estoppel, and unjust enrichment. The McDougalls claimed AgCountry asked Kent and Erica McDougall for additional collateral to refinance their debt and advance a new loan knowing the only other collateral they may have access to was the property owned by the McDougalls, AgCountry created a scheme to acquire that property, and AgCountry knew or should have known it would not refinance their debt or make a new loan. The McDougalls alleged that AgCountry made misrepresentations to Kent and Erica McDougall intending those communications be relayed to the McDougalls to persuade them to make the home quarter available to AgCountry as additional collateral and that the McDougalls relied on AgCountry's misrepresentations.

2

[¶6]   AgCountry answered and counterclaimed, seeking to foreclose the mortgage on the property and enforce an assignment of rents arising from the property.

[¶7]   AgCountry moved for summary judgment, arguing the McDougalls' claims failed as a matter of law based on the undisputed material facts. AgCountry argued the McDougalls' claims were barred by a prior judgment in an adversary proceeding in Kent and Erica McDougall's bankruptcy action under the doctrines of res judicata or collateral estoppel. They also argued that the claim for deceit should be dismissed because AgCountry did not make any misrepresentations to the McDougalls and the claim was precluded by the statute of frauds and that the claim for unjust enrichment should be dismissed because the McDougalls have adequate remedies at law and AgCountry's actions were justified. AgCountry argued it was entitled to summary judgment on its claims.

[¶8]   The McDougalls responded and also moved for summary judgment. They argued res judicata and collateral estoppel do not preclude their claims, their deceit claim was not barred by the statute of frauds, and summary judgment should be granted in their favor based on the prior determination of facts by the bankruptcy court. They also argued that AgCountry committed deceit by making assertions it had no reasonable grounds to believe were true or by suppressing the truth and that they justifiably relied on AgCountry's misrepresentations.

[¶9]   After a hearing, the district court granted summary judgment in favor of AgCountry on all of the McDougalls' claims, concluding the McDougalls' claims were not barred by collateral estoppel, but the McDougalls could not prove two elements of their unjust enrichment claim and the statute of frauds barred their deceit claim. The court also granted summary judgment in favor of AgCountry to foreclose the mortgage on the home quarter and for assignment of rents for 2017 and 2018. The court reserved ruling on the assignment of rents for 2016. After briefing from the parties, the court entered an order on the reserved issues, concluding AgCountry was not seeking an award of rent for 2016. Judgment was entered.

3

[¶10] Our standard of review for summary judgments is well established:

> Summary judgment is a procedural device under N.D.R.Civ.P. 56(c) for promptly resolving a controversy on the merits without a trial if there are no genuine issues of material fact or inferences that can reasonably be drawn from undisputed facts, or if the only issues to be resolved are questions of law. The party seeking summary judgment must demonstrate there are no genuine issues of material fact and the case is appropriate for judgment as a matter of law. In deciding whether the district court appropriately granted summary judgment, we view the evidence in the light most favorable to the opposing party, giving that party the benefit of all favorable inferences which can reasonably be drawn from the record. A party opposing a motion for summary judgment cannot simply rely on the pleadings or on unsupported conclusory allegations. Rather, a party opposing a summary judgment motion must present competent admissible evidence by affidavit or other comparable means that raises an issue of material fact and must, if appropriate, draw the court's attention to relevant evidence in the record raising an issue of material fact. When reasonable persons can reach only one conclusion from the evidence, a question of fact may become a matter of law for the court to decide. A district court's decision on summary judgment is a question of law that we review de novo on the record.

*N.D. Private Investigative & Sec. Bd. v. TigerSwan, LLC*, 2019 ND 219, ¶ 8, 932 N.W.2d 756 (quoting *Heartland State Bank v. Larson*, 2019 ND 129, ¶ 7, 927 N.W.2d 407).

III

[¶11] The McDougalls argue the district court erred in dismissing their deceit claim. They contend the statute of frauds does not apply to preclude their claim.

[¶12] Under N.D.C.C. § 9-10-03, "[o]ne who willfully deceives another with intent to induce that person to alter that person's position to that person's

injury or risk is liable for any damage which that person thereby suffers." Deceit is defined as:

> 1. The suggestion as a fact of that which is not true by one who does not believe it to be true;
> 2. The assertion as a fact of that which is not true by one who has no reasonable ground for believing it to be true;
> 3. The suppression of a fact by one who is bound to disclose it, or who gives information of other facts which are likely to mislead or want of communication of that fact; or
> 4. A promise made without any intention of performing.

N.D.C.C. § 9-10-02. Deceit requires the misrepresentation of facts, suppression of facts, misleading another, or promising without intending to perform. *Schneider v. Schaaf*, 1999 ND 235, ¶16, 603 N.W.2d 869. Proof of actual damage proximately caused by the misrepresentation or nondisclosure is an essential element of a deceit claim. *Id.*

[¶13] In granting summary judgment in favor of AgCountry and dismissing the McDougalls' deceit claim, the district court relied on *Irish Oil & Gas, Inc. v. Reimer*, 2011 ND 22, 794 N.W.2d 715, and concluded the statute of frauds precludes the deceit claim. The court explained, "It is clear here that alleged promise is an oral agreement to loan money in excess of $25,000.00 in exchange for the Home Quarter mortgage, which falls under the statute of frauds." The court said a majority of this Court held in *Irish Oil* that the "use of a deceit claim to defeat the statute of frauds cannot stand." The court concluded:

> There is no dispute [the McDougalls'] claim relies on alleged oral promises made by AgCountry to [Kent and Erica McDougall] that fall under the statute of frauds in a contract context. After extensive review of the decision in *Irish Oil*, and finding no subsequent cases which shed more light on this issue, this Court concludes, as a matter of law, [that] which would prevent a breach of contract claim by [Kent and Erica McDougall], should also bar [the McDougalls'] deceit claim, particularly as title to real property is involved.

[¶14] In *Irish Oil*, 2011 ND 22, ¶¶ 2-6, 794 N.W.2d 715, an oil and gas lessee sued the lessors for breach of the leases, the lessee moved to amend its

complaint to add a deceit claim against one of the lessors related to an alleged oral agreement, and the district court denied the motion to amend the complaint. This Court issued a divided decision in reviewing the district court's denial of the lessee's motion to amend its complaint. The Court's opinion discussed a split in jurisdictions on the issue of whether the statute of frauds bars a deceit claim when it precludes a breach of contract claim. *Id.* at ¶¶ 39-50. Two justices agreed they would reverse the district court's decision because the statute of frauds is a rule of evidence that gives rise to a defense in a contract action but does not preclude a deceit claim because it is not an action on the contract. *Id.* at ¶ 51.

[¶15] In two separate dissenting opinions, three justices agreed to affirm the district court's denial of the motion to amend. *Irish Oil*, 2011 ND 22, ¶¶ 65-75, 794 N.W.2d 715. The author of this opinion dissented from the Court's opinion and stated that he would affirm the judgment, explaining he was "particularly concerned about the use of a deceit claim to defeat the statute of frauds with regard to written instruments involving the title to real property." *Id.* at ¶ 65 (Justice Sandstrom concurred). Justice Kapsner also dissented, stating the proposed deceit claim was an "end-run around the statute of frauds" and the lessee was a sophisticated dealer in mineral leases, who had a simple solution available by getting a written modification of the leases. *Id.* at ¶ 72. A majority of the Court affirmed the district court's denial of the lessee's motion to amend its complaint.

[¶16] This case is different than *Irish Oil*. The McDougalls do not allege they had a contract with AgCountry. They are a third party to the alleged promise. The McDougalls claim AgCountry falsely represented to Kent and Erica McDougall that it would give them a new operating loan if they had more collateral and AgCountry never had any intention of performing the promise. The McDougalls claim AgCountry knew Kent and Erica McDougall did not have any other collateral and it made the misrepresentations about the new operating funds with the intent to induce the McDougalls to transfer the home quarter to Kent and Erica McDougall so the property could become additional collateral to secure existing debt to AgCountry. The McDougalls claim they relied on AgCountry's misrepresentations and were deceived into transferring

6

the home quarter. Their deceit claim is based on an alleged deliberate misrepresentation of fact. The McDougalls are not seeking to enforce the alleged promise either directly or indirectly through the deceit claim. They are not requesting the court order AgCountry to lend Kent and Erica McDougall more funds. The McDougalls are seeking damages for reliance on the alleged misrepresentations, not enforcement of the agreement.

[¶17] "The purpose and intent of the statute of frauds is to prevent fraud and perjury, and the statute should not be used as a defense where the effect would be to accomplish a fraud or to enable a party to enrich himself unjustly at the expense of another." *Wilhelm v. Berger*, 297 N.W.2d 776, 779 (N.D. 1980); *see also Smestad v. Harris*, 2012 ND 166, ¶ 13, 820 N.W.2d 363. Under N.D.C.C. §§ 9-10-01, 9-10-02(4), and 9-10-03, "a promise made without any intention of performing it which does not meet the requirements of a contract between the parties may nevertheless satisfy the requirements of deceit, and the victim of that deceit may recover for any damage suffered." *Delzer v. United Bank of Bismarck*, 527 N.W.2d 650, 653 (N.D. 1995). Extra-contractual statements, such as a promise of a future loan or to restructure a current loan, made without any intent of performing may be a basis for a claim of deceit. *See State Bank of Kenmare v. Lindberg*, 471 N.W.2d 470, 474 (N.D. 1991).

[¶18] This is consistent with other states that have recognized the statute of frauds may preclude some fraud or deceit claims. *See* 61 N.Y. Jur. 2d *Frauds, Statute of* § 322 (2019) (stating "where an oral contract unenforceable under the Statute of Frauds is made without intention of performance for the purpose of inducing the other party to act or refrain from acting to its damage, an action in fraud may be based thereon as long as the defrauded party does not seek to enforce the alleged oral agreement."); *Channel Master Corp. v. Aluminum Ltd. Sales, Inc.*, 151 N.E.2d 833, 836 (N.Y. 1958) (stating a tort action depends on the deliberate misrepresentation of fact relied on by the plaintiff to their detriment, and the policy of the statute of frauds is not directed at cases of dishonesty in making a promise). *See also Stine v. Sanders*, 987 S.W.2d 289, 295 (Ark. Ct. App. 1999); *Tenzer v. Superscope, Inc.*, 702 P.2d 212, 218-19 (Cal. 1985). If the McDougalls are able to present sufficient evidence to meet the elements of a claim of deceit and AgCountry is allowed to assert the statute of

7

frauds to preclude that claim, the purpose of the statute of frauds would be defeated.

[¶19] The district court granted summary judgment dismissing the McDougalls' deceit claim because the court concluded the statute of frauds precluded the claim as a matter of law. We conclude the statute of frauds does not preclude the McDougalls' deceit claim and the court erred in its conclusion of law. There are genuine issues of material fact about the elements of the deceit claim, and the court erred in granting summary judgment.

IV

[¶20] The McDougalls argue the district court erred by dismissing their unjust enrichment claim.

[¶21] In *McColl Farms, LLC v. Pflaum*, 2013 ND 169, ¶ 18, 837 N.W.2d 359, we explained the doctrine of unjust enrichment:

> Unjust enrichment is a broad, equitable doctrine which rests upon quasi or constructive contracts implied by law to prevent a person from unjustly enriching himself at the expense of another. To recover under a theory of unjust enrichment, the plaintiff must prove: (1) an enrichment, (2) an impoverishment, (3) a connection between the enrichment and the impoverishment, (4) the absence of a justification for the enrichment and impoverishment, and (5) the absence of a remedy provided by law. The theory may be invoked when a person has and retains money or benefits which in justice and equity belong to another. For a complainant to recover, it is sufficient if another has, without justification, obtained a benefit at the direct expense of the complainant, who then has no legal means of retrieving it. The essential element in recovering under the theory is the receipt of a benefit by the defendant from the plaintiff which would be inequitable to retain without paying for its value.

(Citations and quotations omitted).

[¶22] The district court granted summary judgment dismissal of the McDougalls' unjust enrichment claim. The court concluded evidence could

show three of the five elements of unjust enrichment could be met, but the court stated it could not conclude that there was an absence of justification for the enrichment or that there was an absence of a remedy provided by law. The court concluded the repayment agreements for Kent and Erica McDougall's loans provided justification for the enrichment because the agreements extended the installment payments and maturity dates on the loans in exchange for the mortgage on the home quarter. The court also concluded there was not an absence of a remedy provided by law because the McDougalls could have a claim in Kent and Erica McDougall's bankruptcy case or a claim for breach of the warranties contained in the deed conveying the home quarter back to the McDougalls.

[¶23] The McDougalls argue the two-month extension on Kent and Erica McDougall's loans was not a justification for the enrichment and impoverishment because the extension did not benefit the McDougalls and did not have any value to Kent and Erica McDougall. They argue the repayment agreements stated the property offered as collateral would secure all existing and possible future debt and also promised efforts would be made to refinance all of the debt. The McDougalls claim there was evidence the brief extension of the loans did not have any value to Kent and Erica McDougall, including an email from Kent McDougall to AgCountry stating that an extension of the loans had no value to him without additional funds. The March 10, 2016, email from Kent McDougall to AgCountry stated they needed additional funds to care for their cattle; they had done everything they could to continue operating without additional funds, including maxing out their credit cards; and "It does no good for me to refinance and pay down the operating debt if nothing will be readvanced." The McDougalls claim they only transferred the property on the promise of a new operating loan, they would not have transferred the property without that promise, AgCountry had no intention of loaning any additional funds, and therefore there was no justification for the enrichment and impoverishment.

[¶24] The unjust enrichment claim is an alternative claim, and it is possible the McDougalls may fail to prove any other potential claims, which would leave them without a remedy provided by law. *See McColl Farms*, 2013 ND 169, ¶

9

20, 837 N.W.2d 359. If the McDougalls are not successful on their deceit claim after a trial on remand, it is possible there would be an absence of a remedy at law and there may be sufficient evidence to support the unjust enrichment claim.

[¶25] Viewing the evidence in the light most favorable to the McDougalls, we conclude genuine issues of material fact exist on the elements of the unjust enrichment claim. The district court erred by granting summary judgment.

V

[¶26] We have considered the remaining arguments and conclude they are either unnecessary to our decision or do not affect the outcome of the appeal. We conclude the district court erred by granting summary judgment dismissal of the deceit and unjust enrichment claims. We reverse that part of the judgment dismissing the deceit and unjust enrichment claims, we affirm the judgment on the remaining claims, and remand for further proceedings consistent with this opinion.

[¶27] Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Jon J. Jensen, C.J.