1997 ND 245

Harold STRUKSNES and First American Bank West, as Co-trustees of the Christ H. Struksnes Trust, Plaintiffs and Appellees,

v.

KEVIN'S PLUMBING & HEATING, INC., Defendant and Appellant,

and

J & D Refrigeration, Inc., & Northwestern Electric, Inc., Defendants.

Civil No. 970203.

Supreme Court of North Dakota.

Dec. 23, 1997.

Michael A. Bosh, of Pringle & Herigstad, P.C., Minot, for plaintiffs and appellees.

Robert S. Rau, of Bosard, McCutcheon & Rau, Ltd., Minot, for defendant and appellant.

SANDSTROM, Justice.

[¶ 1] Kevin's Plumbing & Heating, Inc. has appealed judgments declaring it has no estate or interest in, lien or encumbrance upon two lots in Minot, in a quiet title action brought by Harold Struksnes & First American Bank West, as co-trustees of the Christ H. Struksnes Trust. We affirm, concluding the Trust's sublessee was not its agent in having repairs made to its property.

## I

[¶ 2] The Trust owned Lots 1 and 2, Struksnes Addition to the City of Minot. The Trust leased the land to Food Host, U.S.A., Inc. The lease provided:

"8. The Lessee shall not suffer the premises or any erection or improvements thereon to become subject to any lien, charge, or incumbrance whatsoever, other than mortgages as hereinafter provided and shall indemnify the Lessors against all such liens, charges, and incumbrances; it being expressly agreed that the Lessee shall have no authority, express or implied, to create any lien, charge, or incumbrance, other than mortgages upon the premises for the improvements thereon, which mortgages shall be subject to the approval of the Lessors, which approval shall not be unreasonably withheld.

\* \* \* \* \*

"12. The Lessee shall keep the building to be erected, and other buildings and erections which may at any time during the specified term be erected upon the premises, and the drains and appurtenance in good condition and repair."

[¶ 3] Food Host sublet the property to Resdak, Inc. In 1995, Resdak had Kevin's Plumbing make some repairs and replace a water heater. When Kevin's Plumbing was not paid, it served a mechanic's lien notice on the Trust. The Trust served a notice advising Kevin's Plumbing the Trust "has not authorized any improvements or repairs" to the property and "this objection is being made within five (5) days after knowledge of the improvement was received by the owner." On February 20, 1996, Kevin's Plumbing filed a mechanic's lien.

[¶ 4] The Trust sued to quiet title. Kevin's Plumbing moved for summary judgment. The district court granted summary judgment in favor of the Trust and against Kevin's Plumbing. A judgment entered against Kevin's Plumbing and two other defendants provided:

"1. All of the Defendants' adverse claims to the above-described real estate are null and void;

"2. The Defendants have no estate or interest in, or lien or encumbrance upon, said property;

"3. Title in said property is quieted in [the Trust] against any such adverse claims;

"4. The Defendants are forever barred from further asserting any such adverse claims."

Another judgment entered against Kevin's Plumbing provided:

"The Mechanic's Lien claimed by Kevin's Plumbing & Heating, Inc. against Lot 1 & 2, Struksnes Addition to the City of Minot is adjudged null and void and deemed satisfied, with Kevin's Plumbing & Heating, Inc. having no estate, or interest in, or lien or encumbrance upon, said property."

[¶ 5] The district court had jurisdiction under N.D. Const. Art. VI, § 8, and N.D.C.C. § 32–17–01. The appeal was timely under N.D.R.App.P. 4(a). This Court has jurisdiction under N.D. Const. Art. VI, §§ 2 and 6, and N.D.C.C. § 28–27–02.

## II

[¶ 6] Summary judgment is a procedural device for disposing of a controversy without a trial "if either party is entitled to judgment as a matter of law, if no dispute exists as to either material facts or the inferences to be drawn from undisputed facts, or if resolving disputed facts would not alter the result." *Earthworks, Inc. v. Sehn*, 553 N.W.2d 490, 493 (N.D.1996). The parties agree there are no material facts in dispute. "Summary

judgment is appropriate if the only questions to be decided are questions of law." *American St. Bank & Trust Co. v. Sorenson*, 539 N.W.2d 59, 61 (N.D.1995).

[¶ 7] N.D.C.C. § 35–27–02 provides, in part:

"Any person who improves real estate by the contribution of labor, skill, or materials, whether under contract with the owner of such real estate or under contract with any agent, trustee, contractor, or subcontractor of the owner, has a lien upon the improvement and upon the land on which it is situated or to which it may be removed for the price or value of such contribution."

Under N.D.C.C. § 35–27–01, improvements include repairs. N.D.C.C. § 35–27–07 provides:

"When land is sold under an executory contract requiring the vendee to improve the same and such contract is forfeited or surrendered after liens have attached by reason of such improvements, the title of the vendor is subject thereto, but he is not personally liable if the contract was made in good faith. When improvements are made by one person upon the land of another, all persons interested therein otherwise than as bona fide prior encumbrances or lienors are deemed to have authorized such improvements, insofar as to subject their interest to liens therefor. Any person who has not authorized the same may protect his interest from such liens by serving upon the person doing work or otherwise contributing to such improvement within five days after knowledge thereof, written notice that the improvement is not being made at his instance, or by posting like notice, and keeping the same posted, in a conspicuous place on the premises. As against a lessor no lien is given for repairs made by or at the instance of his lessee, unless the lessor has actual or constructive notice thereof and does not object thereto."

[¶ 8] The Trust argues the last sentence of N.D.C.C. § 35–27–07 unambiguously limits the creation of mechanics' liens against a lessor for repairs made at the instance of a lessee. Kevin's Plumbing argues the statute only applies to situations where property is sold under contract and others improve the property for the purchaser.

[¶ 9] "The North Dakota mechanic's lien law is remedial, and should be liberally construed to effectuate its purpose ... to protect those persons who improve real estate by the contribution of labor, skill, or materials." *Nesdahl Surveying & Eng'g, P.C. v. Ackerland Corp.*, 507 N.W.2d 686, 689 (N.D.1993). Our "primary goal in construing a statute is to ascertain the intent of the Legislature." *Medcenter One, Inc. v. North Dakota St. Bd. of Pharmacy*, 1997 ND 54, ¶ 13, 561 N.W.2d 634. "If the language of a statute is clear and unambiguous, the legislative intent is presumed clear from the face of the statute." *Medcenter One*. The last sentence of N.D.C.C. § 35–27–07 shows the legislature intended the statute to deal with both contract vendors and lessors. *See Mid–America Steel, Inc. v. Bjone*, 414 N.W.2d 591, 596 (N.D.1987) (last sentence of N.D.C.C. § 35–27–07 shows the legislature could have adopted an acquiescence rule for contract vendors as it did for lessors, but did not do so). The last sentence of N.D.C.C. § 35–27–07 clearly and unambiguously deals with leases. We conclude N.D.C.C. § 35–27–07 applies to situations in which repairs are made to a lessor's property at the instance of his lessee.

[¶ 10] Kevin's Plumbing contends the Trust had knowledge of the repairs through Resdak, its agent, and through the lease, which "specifically directed and authorized the repairs to be performed."

[¶ 11] A person is presumed to act for himself, rather than as the agent of another. *Hector v. Metro Centers, Inc.*, 498 N.W.2d 113, 118 (N.D.1993). Agency is a matter of fact, and a party alleging the existence of an agency relationship must establish it by clear and convincing evidence. *Hector*. The mere existence of a landlord-tenant relationship does not ordinarily make a lessee the agent of a lessor, although a lease requiring, not merely authorizing, a lessee to make improvements, may make the lessee the lessor's agent for that purpose. 53 Am.Jur.2d, *Mechanics' Liens* §§ 144–146

(1996). Under a lease requiring the lessee to make all necessary repairs or to keep the premises in good repair, without binding the lessee to make any specific repairs, the lessee is generally held not to be the lessor's agent in making repairs. 53 Am.Jur.2d, *Mechanics' Liens* § 147 (1996). Paragraph 12 of the Trust's lease with Resdak generally requires the lessee to keep the premises in good repair, without binding the lessee to make any specific repairs, and does not make the Trust's lessee its agent.

[¶ 12] Kevin's Plumbing relies on the following language in *Farmer's Union Oil Co. v. Wood*, 301 N.W.2d 129, 134 (N.D.1980) to establish the Trust's lessee is its agent:

"In *Bernard v. Madsen*, 52 N.D. 822, 204 N.W. 196 (1925), the court held that an ostensible agency exists where the conduct of the supposed agent is consistent with the existence of an agency, and where, in the transaction in issue, the party with whom the supposed agent dealt was justified in assuming that the agency existed. In *McLane v. F.H. Peavey & Co.*, 72 N.D. 468, 8 N.W.2d 308 (1943), this court set down a test to determine whether or not an apparent or ostensible agency relationship existed, 'It must rest upon conduct or communications of the principal which reasonably interpreted causes a third person to believe that the agent has authority to act for and on behalf of the principal.' *McLane, supra*, 8 N.W.2d at 310."

Kevin's Plumbing argues:

"In the case at bar there was at least conduct that can be construed as communication. The Lease directed repairs. The Lease was recorded and gave notice to the world that the tenant was to make repairs. The Lease is to be read as it would be seen by the world. That is that Resdak was to make repairs, which would result in a benefit to the landlord."

A lease providing the lessee is to keep the premises in good repair and providing the lessee has no authority to create any lien on the premises, however, is insufficient to make the lessee the lessor's agent in making repairs. Reasonably interpreted, such "conduct or communications of the principal" would not "cause[ ] a third person to believe"

Resdak had "authority to act for and on behalf of" the Trust, *Farmer's Union Oil Co. v. Wood*, 301 N.W.2d at 134 (quoting *McLane v. F.H. Peavey & Co.*, 72 N.D. 468, 8 N.W.2d 308, 310 (1943)).

[¶ 13] Kevin's Plumbing contends the Trust would be unjustly enriched if not required to compensate Kevin's Plumbing for its repairs to the Trust's property. Unjust enrichment is a question of law. *Albrecht v. Walter*, 1997 ND 238, ¶ 23, 572 N.W.2d 809. There are five elements necessary for unjust enrichment—an enrichment, an impoverishment, a connection between the enrichment and the impoverishment, absence of a justification for the enrichment and the impoverishment, and absence of a remedy provided by law. *Albrecht*. Kevin's Plumbing has not demonstrated the Trust was enriched by the repairs, or if enriched, the enrichment was not justified. Kevin's Plumbing has not shown nonpayment by the Trust of a bill for repairs it did not request would be "contrary to equity," *In re Estate of Zent*, 459 N.W.2d 795, 798 (N.D.1990). The undisputed facts do not establish unjust enrichment as a matter of law.

[¶ 14] A judgment entered against Kevin's Plumbing and two other defendants provides, in part: "The Defendants are forever barred from further asserting any such adverse claims." Kevin's Plumbing contends that language prevents Kevin's Plumbing other remedies of recovery from Resdak and its officers. The challenged language refers to the adverse claims asserted by Kevin's Plumbing to the Trust's property interests that were decided in the quiet title action and does not prevent Kevin's Plumbing from suing Resdak.

[¶ 15] Because Kevin's Plumbing did not establish Resdak was the Trust's agent in having the repairs made by Kevin's Plumbing and did not establish unjust enrichment, we need not address Kevin's Plumbing argument it is entitled to recover attorney fees.

III

[¶ 16] The judgments are affirmed.

[¶ 17] VANDE WALLE, C.J., MARING and NEUMANN, JJ., and M. RICHARD GEIGER, District Judge, concur.

[¶ 18] M. RICHARD GEIGER, District Judge, sitting in place of MESCHKE, J., disqualified.