# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2021 ND 172

City of Jamestown,                                               Plaintiff and Appellee

v.

Bonnie Lynn Nygaard,                                        Defendant and Appellant

### No. 20210049

Appeal from the District Court of Stutsman County, Southeast Judicial District, the Honorable Troy J. LeFevre, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Abbagail C. Geroux, Jamestown, ND, for plaintiff and appellee.

Drew T. Hushka (argued) and Luke T. Heck (on brief), Fargo, ND, for defendant and appellant.

Danny L. Herbel (on brief), Bismarck, ND, for amicus curiae North Dakota Association of Criminal Defense Lawyers.

**Crothers, Justice.**

[¶1]   Bonnie Lynn Nygaard appeals from a criminal judgment entered after her conditional plea to refusing to take a chemical breath test was accepted. We affirm.

I

[¶2]   In the early morning of March 8, 2020, Stutsman County Sheriff Deputy Brian Davis conducted a traffic stop of a vehicle driven by Nygaard. Davis approached the vehicle and began speaking with Nygaard. During the conversation, Davis smelled an odor of alcohol and observed Nygaard's blood shot eyes, slurred speech and inability to focus. Davis asked for Nygaard's license, proof of insurance and vehicle registration. After receiving the documents, Davis asked Nygaard if she had been drinking. Nygaard said she had two drinks an hour prior to the traffic stop.

[¶3]   Jamestown Police Officer Chance Renfro subsequently arrived at the scene. Renfro talked to Nygaard and observed the same signs of impairment. Renfro asked Nygaard to come back to his car where she sat in the front passenger seat. After an initial conversation, Renfro requested Nygaard complete a Horizontal Gaze Nystagmus (HGN) test. Renfro observed six of six clues during the HGN test after which he provided Nygaard an implied consent advisory and requested a preliminary breath screening test. Nygaard consented to taking the test. The test reported an alcohol content of .203. Renfro then placed Nygaard under arrest.

[¶4]   Renfro transported Nygaard to the Stutsman County Correctional Center. Renfro again provided Nygaard with an implied consent advisory and requested a chemical breath test. Nygaard consented to taking the test. During the first breath sample, Nygaard obstructed the air flow and provided an insufficient sample. Renfro told Nygaard she could take the test a second time but if a sufficient sample was not provided, he would issue a citation for DUI-

Refusal. Nygaard agreed to take the second test and again provided an insufficient sample.

[¶5] The City of Jamestown charged Nygaard with DUI-Refusal under Jamestown Municipal Code § 21-04-06. Nygaard requested the case be transferred to district court for a jury trial. Nygaard moved to suppress evidence and dismiss her charge. After the district court denied her motion, Nygaard conditionally pled guilty and preserved her right to appeal.

## II

[¶6] Nygaard argues the plain meaning of N.D.C.C. § 39-08-01(1)(f) requires advice of criminal penalties to drivers before they can be charged with refusing a chemical breath test. Nygaard also contends we wrongly decided *City of Jamestown v. Casarez*, 2021 ND 71, 958 N.W.2d 467, and the case should be overruled.

## A

[¶7] Nygaard argues N.D.C.C. § 39-08-01(1)(f) applies to her case despite being prosecuted under Jamestown Municipal Code § 21-04-06.

[¶8] Section 39-08-01(1)(f), N.D.C.C., states: "Subdivision e does not apply to an individual unless the individual has been advised of the consequences of refusing a chemical test consistent with the Constitution of the United States and the Constitution of North Dakota."

[¶9] Nygaard was prosecuted under Jamestown Municipal Code § 21-04-06(1)(e)(ii), which at the time of her arrest read:

> "(1) A person may not drive or be in actual physical control of any vehicle upon a street or upon public or private areas to which the public has right of access for vehicular use in this city if any of the following apply:
> . . . .
> (e) That individual refused to submit to . . . . :
> . . . .

2

(ii) A chemical test, or tests, of the individual's blood, breath, or urine to determine the alcohol concentration or presence of other drugs, or combination thereof, in the individual's blood, breath, or urine, at the discretion of a law enforcement officer under Section 39-20-01 of the North Dakota Century Code[.]"

Jamestown Mun. Code Ord. 1409.[1]

[¶10] In *Casarez*, this Court analyzed the same Jamestown Ordinance at issue here and N.D.C.C. § 39-08-01. 2021 ND 71, ¶ 6. We recognized subdivision f as the only difference between the Ordinance and the statute. *Id.* at ¶ 14. We held subdivision f was part of amendments removing a statutory exclusionary rule and did not "serve as a prohibition or authorization of any particular thing." *Id.* Thus, there was no conflict between the Ordinance and the statute. *Id.*

[¶11] Because N.D.C.C. § 39-08-01 and Jamestown Municipal Code § 21-04-06 are consistent, we will examine Nygaard's arguments as presented.

B

[¶12] Nygaard asserts the plain meaning of N.D.C.C. § 39-08-01(1)(f) requires advice of criminal penalties for refusing a chemical breath test to drivers before they can be prosecuted. "Interpretation of a statute is a question of law, fully reviewable on appeal." *State v. Long*, 2020 ND 216, ¶ 5, 950 N.W.2d 178.

[¶13] "When the wording of a statute is clear and free of all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." N.D.C.C. § 1-02-05. "When a provision at issue is unambiguous, this Court looks to the plain language of the statute to ascertain its meaning." *Long*, 2020 ND 216, ¶ 6 (citing *State v. Comes*, 2019 ND 290, ¶ 7, 936 N.W.2d 114). "We also consider the actual language, its connection with other clauses, and the words or expressions which obviously are by design omitted. In construing statutes and rules, the law is what is said, not what is unsaid, and the mention

---

[1] After Nygaard was arrested, Jamestown amended the Ordinance with language mirroring subdivision f of the North Dakota Century Code. Jamestown Mun. Code Ord. 1525. Ordinance 1409 and 1525 both pertain to Jamestown Municipal Code § 21-04-06.

of one thing implies exclusion of another." *Long*, at ¶ 7 (quoting *State v. Welch*, 2019 ND 179, ¶ 7, 930 N.W.2d 615).

[¶14] This Court determined N.D.C.C. § 39-08-01(1)(f) is not ambiguous. *Long*, 2020 ND 216, ¶ 15; *Casarez*, 2021 ND 71, ¶ 10. In *Long*, the appellant argued subdivision f required an individual to be advised of a right to refuse chemical testing. *Long*, at ¶ 4. We concluded subdivision f "limits the advisory to inform drivers of the consequences of refusing a chemical test and does not extend to informing drivers of a right to refuse." *Id.* at ¶ 11. We also concluded the phrase "consistent with the Constitution of the United States and the Constitution of North Dakota" in subsection f establishes an acknowledgment that the statute and advisory are in compliance with the constitutions. *Id.* at ¶ 14. The phrase requires that any advisory or request for testing comply with the constitutions and case law.

[¶15] Nygaard argues subdivision f "fills a hole" in this Court's jurisprudence regarding criminally charging a driver for refusing a chemical test. Subdivision f works with the implied consent advisory as an interruption between consent and refusal for chemical breath testing. The implied consent advisory "establishes that consent to testing is presumed. This presumption is tempered by legislative grace allowing a driver to opt out of testing." *Grosgebauer v. North Dakota Dep't of Transp.*, 2008 ND 75, ¶ 11, 747 N.W.2d 510.

[¶16] In *Casarez*, the appellant argued the same Jamestown Ordinance directly conflicted with N.D.C.C. § 39-08-01 because of subdivision f. 2021 ND 71, ¶ 6. Because subdivision f is not ambiguous, this Court examined whether the Ordinance violated North Dakota law by allowing something the statute explicitly prohibited. *Id.* at ¶ 10. Examining the 2019 legislative amendments to DUI laws was pertinent to our decision. *Id.* at ¶¶ 12-14. In 2019, the Legislature removed the statutory exclusionary rule and added subdivision f to "explain that proof of refusal, and the evidentiary use of refusal to take a chemical test, would be controlled by constitutional standards rather than by statutory exclusion." *Id.* at ¶ 13. The amendments were consistent with changes advocated by members of this Court. *Id.* (citing *Schoon v. North Dakota Dep't of Transp.*, 2018 ND 210, ¶ 35, 917 N.W.2d 199 ("Even if the

4

advisory itself is not repealed, I urge the Legislature to consider removing the exclusionary rule so that cases can be decided on the traditional grounds of whether the implied consent advisory adversely affected an operator's consent to chemical testing.") (Crothers, J., specially concurring)).

[¶17] Ultimately, we held subdivision f "explains that claims of coercive implied consent advisories must be measured by constitutional standards rather than under the former statutory exclusionary rule." *Casarez*, 2021 ND 71, ¶ 14. Here, Nygaard essentially asks us to restore the statutory exclusionary rule that was removed in 2019. We decline to require that which the Legislature expressly eliminated when it amended N.D.C.C. § 39-08-01.

## III

[¶18] Nygaard contends the legislative history for the 2019 amendments to N.D.C.C. § 39-08-01 show *Casarez* was wrongly decided. This Court does not examine legislative history unless a statute is ambiguous. *See Casarez*, 2021 ND 71, ¶ 10. "When the wording of a statute is clear and free of all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." N.D.C.C. § 1-02-05. Because N.D.C.C. § 39-08-01(1)(f) is not ambiguous, we cannot ignore the plain wording of the statute, even when there is evidence of a different meaning contained in some legislative history. We therefore reject Nygaard's argument *Casarez* was wrongly decided.

## IV

[¶19] The plain language of N.D.C.C. § 39-08-01(1)(f) does not require advice of criminal penalties to drivers before they can be charged with refusing a chemical breath test. The criminal judgment is affirmed.

[¶20] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte

5