FILED
IN THE OFFICE OF THE
CLERK OF SUPREME COURT
NOVEMBER 26, 2021
STATE OF NORTH DAKOTA

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2021 ND 214

Wades Welding LLC,

Plaintiff and Appellee

v.

Tioga Properties, LLC,

Defendant and Appellant

## No. 20210107

Appeal from the District Court of Williams County, Northwest Judicial District, the Honorable Paul W. Jacobson, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Erich M. Grant, Minot, ND, for plaintiff and appellee; submitted on brief.

Taylor D. Olson (argued), Peter H. Furuseth and Dustin A. Richard (on brief), Williston, ND, for defendant and appellant.

**Crothers, Justice.**

[¶1]   Tioga Properties, LLC, appeals from a district court judgment awarding Wades Welding, LLC $27,669.90 relating to Wades Welding's lawsuit for enforcement of construction liens and unjust enrichment. Tioga Properties also appeals from the court's orders denying its motions to continue and an order allowing testimony by reliable electronic means. We affirm.

I

[¶2]   Janice Ellsworth is the owner of Tioga Properties. Tioga Properties owned a restaurant and home (referred to by the parties as a "mobile home") adjacent to each other in Tioga, North Dakota. Susan Gordon leased the restaurant from Tioga Properties. Gordon delivered rent payments to John Ellsworth Jr., Janice Ellsworth's son. Gordon resided in the home but had no written lease for that property.

[¶3]   In late 2016 and early 2017, Gordon hired Wades Welding to repair the home and restaurant. Wades Welding repaired the heat at the restaurant and repaired a sewer pipe at the home. Wades Welding performed $19,840 of work on the home and $2,500 of work on the restaurant. Wades Welding delivered the invoices for its work to Ellsworth Jr.

[¶4]   A day after Wades Welding completed the sewer pipe repair at the home, Ellsworth evicted Gordon from the restaurant and home. Ellsworth Jr. supervised the eviction and Gordon left both properties within 48 hours.

[¶5]   In December 2017, Wades Welding recorded construction liens against the properties after Tioga Properties failed to pay for the repairs. Tioga Properties sold the restaurant in July 2019. In September 2019, Tioga Properties served on Wades Welding a demand to enforce the home lien. In October 2019, Wades Welding sued Tioga Properties for breach of contract, foreclosure of the construction liens and unjust enrichment. Tioga Properties

denied the allegations, claiming it did not authorize Wades Welding's work on the properties.

[¶6] Prior to the scheduled December 2020 bench trial Tioga Properties moved for a continuance asserting Covid-19 precluded Janice Ellsworth from attending in person. The district court denied the motion, stating Tioga Properties' witnesses could testify by reliable electronic means. Three days before the bench trial, Wades Welding filed a request to allow Gordon to testify by reliable electronic means because she did not want to travel from Washington state to North Dakota. The court allowed Gordon to testify by telephone.

[¶7] After trial, the district court found Wades Welding's construction liens on both properties were valid and ordered foreclosure of the home lien. The court concluded the lien on the restaurant was unenforceable due to a service error; however, it awarded Wades Welding the amount of the repairs under the doctrine of unjust enrichment. The court ordered Tioga Properties to pay Wades Welding $27,669.90.

II

[¶8] Tioga Properties claims the district court abused its discretion in denying its motion to continue the December 2020 trial.

[¶9] Under the version of N.D. Sup. Ct. Admin. Order 25, ¶ 5(3) in effect during trial, the district court had discretion to continue trials and hearings due to Covid-19. The order also stated "[c]ontinuances and extension requests related to COVID-19 should be presumptively granted." *Id.* at ¶ 5(6). A court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner, it misinterprets or misapplies the law, or its decision is not the product of a rational mental process leading to a reasoned determination. *Ryberg v. Landsiedel*, 2021 ND 56, ¶ 21, 956 N.W.2d 749.

[¶10] In Tioga Properties' brief in support of its motion to continue, Janice Ellsworth stated she "[felt] uncomfortable traveling to North Dakota for the

[trial] due to the rapid spike in COVID-19 cases in North Dakota." Ellsworth claimed her attendance and testimony was necessary for a proper defense.

[¶11] The district court denied the motion to continue without explanation and allowed Ellsworth to testify by telephone under N.D. Sup. Ct. Admin. R. 52. Although the court should have explained its decision, the administrative order granted the court discretion to allow or deny the continuance. Ellsworth requested to continue the trial so she could attend in person; however, she has not otherwise shown how she was prejudiced by the court's denial of the motion to continue. *See Flattum-Riemers v. Peters-Riemers*, 2001 ND 121, ¶ 15, 630 N.W.2d 71 (stating a party must show prejudice resulted from the denial of the motion to continue). Ellsworth was not the only witness unable to attend the trial in person. Three of the four witnesses who provided testimony resided out of state and also testified by telephone. Due to the nature of the pandemic at the time, it could have been several months or more until all of the out-of-state witnesses were able to attend in person. The court did not abuse its discretion in denying the motion to continue.

III

[¶12] Tioga Properties argues the district court erred in allowing Susan Gordon to testify by telephone because Wades Welding did not properly file a motion and brief with its request.

[¶13] Under N.D. Sup. Ct. Admin. R. 52, Sec. 2(a), a district court "may conduct a proceeding by reliable electronic means on its own motion or on a party's motion." A party requesting to use reliable electronic means must obtain prior approval from the court after providing notice to other parties. N.D. Sup. Ct. Admin. R. 52, Sec. 2(b).

[¶14] A few days before the bench trial, Wades Welding served a request for Gordon to testify by reliable electronic means. Wades Welding filed its request with the district court and served it on Tioga Properties. The court allowed witnesses for both parties to testify by telephone. The court had discretion whether to allow Gordon to testify remotely and means by which that

testimony was provided. The district court did not abuse its discretion by allowing Gordon and other witnesses to testify by telephone.

IV

[¶15] Tioga Properties argues Wades Welding was not entitled to a construction lien because no contract existed between the parties. Tioga Properties asserts Susan Gordon and John Ellsworth Jr. were not its agents and had no authority to contract on its behalf. Tioga Properties claims it did not have actual or constructive notice of the improvements because it had no knowledge of the repairs made by Wades Welding.

[¶16] Chapter 35-27, N.D.C.C., governs construction liens. "Any person that improves real estate, whether under contract with the owner of such real estate or under contract with any agent, trustee, contractor, or subcontractor of the owner, has a lien upon the improvement and upon the land on which the improvement is situated." N.D.C.C. § 35-27-02. Under N.D.C.C. § 35-27-01(3), improvements include repairs. Under N.D.C.C. § 35-27-24, a person having a construction lien "may bring an action to enforce the lien."

[¶17] Our standard of review in an appeal from a bench trial is well established:

> "In an appeal from a bench trial, the district court's findings of fact are reviewed under the clearly erroneous standard of review, and its conclusions of law are fully reviewable. A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, after reviewing all of the evidence, this Court is convinced a mistake has been made. In a bench trial, the district court is the determiner of credibility issues and we will not second-guess the district court on its credibility determinations. Findings of the trial court are presumptively correct."

*Gimbel v. Magrum*, 2020 ND 181, ¶ 5, 947 N.W.2d 891 (cleaned up).

[¶18] The district court found Wades Welding's construction liens against each property were valid. As to the home property, the court found Gordon was an

4

"owner" under N.D.C.C. § 35-27-01(5), because she had "immediate use and benefit" of the improvements. The court treated Gordon as an "owner" of the home because no written lease existed between Gordon and Tioga Properties for Gordon's use of the home property. The court found "there was no evidence presented that the mobile home property was subject to any lease agreement."

[¶19] We disagree with the district court's finding that no lease existed for the home. Although no written lease existed for the home, the testimony at trial established Gordon leased both properties from Tioga Properties. Ellsworth testified the written lease was for the restaurant, but "the deal with the [home] was the same as with the restaurant." Gordon testified the restaurant and home were a "package deal." We conclude Gordon leased both properties from Tioga Properties.

[¶20]  Because Gordon leased both properties, N.D.C.C. § 35-27-07 applies and provides in part:

> "When improvements are made by one person upon the land of another, all persons interested therein . . . are deemed to have authorized such improvements, insofar as to subject their interests to liens therefor. Any person who has not authorized the same may protect the person's interest from such liens by serving upon the person doing work or otherwise contributing to such improvement within five days after knowledge thereof, written notice that the improvement is not being made at the person's instance, or by posting like notice, and keeping the same posted, in a conspicuous place on the premises. As against a lessor no lien is given for repairs made by or at the instance of the lessor's lessee, unless the lessor has actual or constructive notice thereof and does not object thereto."

In *Struksnes v. Kevin's Plumbing & Heating, Inc.*, 1997 ND 245, ¶ 9, 572 N.W.2d 815, this Court "[concluded] N.D.C.C. § 35-27-07 applies to situations in which repairs are made to a lessor's property at the instance of his lessee."

[¶21] The district court found Tioga Properties had constructive notice of the repairs and did not object:

"[T]here was ample evidence presented that Tioga Properties, LLC had at least constructive notice of the work performed by Wades Welding and that Tioga Properties, LLC failed to object in the manner prescribed by N.D.C.C. § 35-27-07.

"Tioga Properties had first notice of the work being done by Wades Welding when it was observed by John Ellsworth Jr., son of the owner and the individual who actually monitored the properties on behalf of Tioga Properties LLC. Tioga Properties had further notice of the work when Wade Sprenger delivered invoices for the work to John Ellsworth Jr's business, Northern Energy Services. Susan Gordon also testified that she communicated directly with Janice Ellsworth the day after the sewer repair was complete, when Ms. Ellsworth evicted her. Tioga Properties' failure to provide written notice or to post conspicuous notice as required by NDCC § 35-27-07 is enough to find that Tioga Properties at least implicitly consented to the work being done by Wades Welding. Moreover, Tioga Properties is statutorily deemed to have authorized the improvements under N.D.C.C. § 35-27-07."

[¶22] Although not found specifically, the district court's analysis implicitly found Ellsworth Jr. was Tioga Properties' agent. "Agency is the relationship which results when one person, called the principal, authorizes another, called the agent, to act for the principal in dealing with third persons." N.D.C.C. § 3-01-01. Agency is actual or ostensible; "[i]t is ostensible when the principal intentionally or by want of ordinary care causes a third person to believe another to be the principal's agent, who really is not employed by the principal." N.D.C.C. § 3-01-03. "Ostensible authority is such as the principal intentionally or by want of ordinary care causes or allows a third person to believe the agent possesses." N.D.C.C. § 3-02-02. "Agency is a matter of fact, and a party alleging the existence of an agency relationship must establish it by clear and convincing evidence." *Struksnes*, 1997 ND 245, ¶ 11 (citing *Hector v. Metro Centers, Inc.*, 498 N.W.2d 113, 118 (N.D. 1993)).

[¶23] The district court discussed the testimony by each party and found Ellsworth Jr. visited the restaurant often and discussed issues related to the restaurant and home with Gordon and Ellsworth. The court found Gordon paid her monthly rent to Ellsworth Jr. Gordon testified she believed

6

Ellsworth Jr. was aware of the work being done by Wades Welding because he discussed it with her. Gordon testified Ellsworth Jr. commented on the heating repairs to the restaurant and how it made a difference. Gordon testified she would contact Ellsworth Jr. if something was needed at either of the properties. She testified she and Ellsworth Jr. discussed the sewer problems at the home. Gordon testified that after she was evicted, Ellsworth Jr. changed the locks at the restaurant. She testified she recalled hearing Ellsworth Jr. tell Wade Sprenger to bring him the bill for the sewer repair on the home.

[¶24] Wade Sprenger testified he believed Ellsworth Jr. was aware of the work being done. Sprenger testified he told Ellsworth Jr. he was installing a new sewer line at the home, and Ellsworth Jr. had no objection to the work. Sprenger testified he knew Janice Ellsworth owned the properties, but when something needed to be done she had Ellsworth Jr. take care of it because he was around more. Sprenger testified that after Gordon was evicted, Ellsworth Jr. told him to deliver the invoices for the work to Ellsworth Jr.'s business for payment. The invoices were billed to Tioga Properties LLC and included Janice Ellsworth's and John Ellsworth Jr.'s names. Sprenger testified he brought the invoices to Ellsworth Jr.'s office, but he would not pay them because they were too expensive. Sprenger testified Ellsworth Jr. did not object to the work done on the properties.

[¶25] The evidence at trial demonstrated Ellsworth Jr. acted as an ostensible agent of Tioga Properties. Gordon paid rent to Ellsworth Jr., he supervised the eviction of Gordon from the properties and he did not object to the repairs either before or after Sprenger delivered the invoices to him. The evidence and the district court's findings establish Sprenger had a reasonable belief Ellsworth Jr. had authority to act on behalf of Tioga Properties.

[¶26] Tioga Properties argues Gordon was liable for all improvements and repairs to the properties. However, Wades Welding was not a party to the lease, and Gordon was not a party to this action. The lease did not prohibit Wades Welding from recording construction liens against the properties. Although the district court analyzed the home lien differently, it did not err in finding Wades Welding's construction liens were valid. *See Schmidt v. City of Minot*, 2016 ND

7

175, ¶ 16, 883 N.W.2d 909 (stating we will not set aside a correct result merely because the district court's reasoning is incorrect if the result is the same under the correct law and reasoning).

V

[¶27] Tioga Properties contends the district court erred in awarding Wades Welding the value of its work on the restaurant under the doctrine of unjust enrichment.

[¶28] Unjust enrichment is an equitable doctrine based upon a quasi or constructive contract implied by law to prevent a person from being unjustly enriched at the expense of another. *Smestad v. Harris*, 2012 ND 166, ¶ 16, 820 N.W.2d 363. "Five elements are required to establish unjust enrichment: 1. An enrichment; 2. An impoverishment; 3. A connection between the enrichment and the impoverishment; 4. Absence of a justification for the enrichment and impoverishment; and 5. An absence of a remedy provided by law." *McDougall v. AgCountry Farm Credit Servs.*, 2021 ND 98, ¶ 14, 960 N.W.2d 792. A district court's decision on whether the facts support a finding of unjust enrichment is a conclusion of law that is fully reviewable on appeal. *Smestad*, at ¶ 15. A court's findings of fact supporting an unjust enrichment decision are subject to the clearly erroneous standard of review. *McDougall*, at ¶ 14.

[¶29] The district court concluded the lien on the restaurant property was valid, but it could not be enforced because Wades Welding did not serve notice of the foreclosure action on the current owner of the restaurant property after Tioga Properties sold it. *See* N.D.C.C. § 35-27-24 (requiring a lienholder to provide notice of an intention to enforce the lien on the record owner of property). The court dismissed the foreclosure claim against the restaurant but concluded unjust enrichment entitled Wades Welding to the value of its work on the restaurant:

> "The essential elements of unjust enrichment are met with regards to the work done by Wades Welding on the restaurant property. Tioga Properties LLC was enriched when Wades Welding performed work benefiting the property and increasing its value, and it retained that value after the work was completed and Susan

8

Gordon was evicted from the property. Wades Welding was correspondingly impoverished by performing work and supplying parts and materials and paying employees for labor without being compensated by the beneficiary. Wades Welding is unable to foreclose its construction lien, as noted above, and therefore lacks a remedy provided by law. There is no justification for Tioga Properties to retain the benefit of Wades Welding's services without cost to Tioga Properties. Equity demands that Tioga Properties, LLC pay for the value of the benefits conferred upon it. Judgment in the amount of $2,500 in favor of Wades Welding and against Tioga Properties in relation to the restaurant property claims is therefore appropriate."

[¶30] Tioga Properties claims unjust enrichment was improper because Wades Welding had an adequate remedy at law. Tioga Properties asserts Wades Welding has a claim against Gordon for the value of the repairs because she was responsible for the repairs. Tioga Properties argues this Court's decision in *Struksnes v. Kevin's Plumbing & Heating, Inc.*, 1997 ND 245, 572 N.W.2d 815, supports its claim.

[¶31] In *Struksnes*, a sublessee hired a plumbing and heating company to make repairs to the lessor's property. 1997 ND 245, ¶ 3. When the company was not paid, it served a mechanic's lien notice on the lessor. *Id.* In response, the lessor served an objection advising the company it had not authorized any repairs and the objection was being made within five days after receiving knowledge of the repairs. *Id.* After the company filed a mechanic's lien, the lessor sued to quiet title. *Id.* at ¶¶ 3-4. The district court concluded the company's lien was invalid and the company had no lien or encumbrance on the property. *Id.* at ¶ 4.

[¶32] On appeal, this Court held the lease language requiring the lessee or sublessee to keep the property in good repair did not make the lessee or sublessee the lessor's agent in making repairs. *Struksnes,* 1997 ND 245*,* ¶¶ 11-12. This Court also dismissed the company's unjust enrichment claim, concluding the company "has not shown nonpayment by the [lessor] of a bill for repairs it did not request would be contrary to equity." *Id.* at ¶ 13. We stated

the invalid lien did not prevent the company from pursuing an action against the sublessee. *Id.* at ¶ 14.

[¶33] This case differs from *Struksnes*. Here, unlike in *Struksnes*, Tioga Properties did not object to the repairs after having actual or constructive notice of the repairs made by Wades Welding. *See* N.D.C.C. § 35-27-07. Because there was no objection to the repairs, Wades Welding's construction liens against Tioga Properties were valid. Wades Welding could have pursued an action against Gordon; however, it instead chose to pursue its remedy at law under N.D.C.C. § 35-27-24 against Tioga Properties to enforce its liens on the home and restaurant. Wades Welding also sought unjust enrichment as an alternative claim. *See McDougall*, 2021 ND 98, ¶ 27 (stating "[u]njust enrichment is an alternative claim, and a legal claim which has yet to fail or succeed does not preclude a plaintiff from also asserting an unjust enrichment claim"). When Wades Welding could not enforce its lien on the restaurant, the district court awarded relief by concluding Tioga Properties was unjustly enriched. *See McColl Farms, LLC v. Pflaum*, 2013 ND 169, ¶ 20, 837 N.W.2d 359 (stating a court should consider possible recovery under an equitable remedy if the legal remedy fails).

[¶34] Tioga Properties argues unjust enrichment was improper because Wades Welding had a remedy at law against Gordon. However, Tioga Properties has not cited, nor have we found, any law requiring a party to pursue all legal remedies against all possible parties before seeking unjust enrichment. Other states require the party to pursue all legal remedies against only the adverse party before seeking unjust enrichment. *See Loiselle v. Cosas Mgmt. Grp., LLC,* 228 P.3d 943, 947 (Ariz. Ct. App. 2010) ("We agree that, to bring a successful unjust enrichment claim, a party must show the absence of any remedy at law. The legal remedy, however, must be against the same person from whom relief in equity is sought.") (internal citation omitted); *Hill v. Hill,* 345 P.2d 1015, 1025 (Kan. 1959) ("The existence of a remedy at law does not deprive equity of jurisdiction unless such remedy is clear, adequate and complete. Such remedy at law . . . must exist against the same person from whom the relief in equity is sought."); *Mitchell v. Houstle*, 142 A.2d 556, 560 (Md. 1958) ("[T]he doctrine that equity will grant no relief when there is an adequate remedy at law is

10

limited to cases in which there is an adequate legal remedy against the defendants that are before the court."); *Buttinghausen v. Rappeport*, 24 A.2d 877, 880 (N.J. Ch. 1942) ("[T]he legal remedy which may move equity to deny relief is a remedy against the same person from whom relief in equity is sought.").

[¶35] When we have concluded an adequate remedy at law precluded unjust enrichment, the remedy involved the parties to the action. *See, e.g.*, *Cont'l Res., Inc. v. Armstrong*, 2021 ND 171, ¶ 35, 965 N.W.2d 57; *Lochthowe v. C.F. Peterson Est.*, 2005 ND 40, ¶¶ 13-14, 692 N.W.2d 120; *Spagnolia v. Monasky*, 2003 ND 65, ¶ 18, 660 N.W.2d 223; *D.C. Trautman Co. v. Fargo Excavating Co., Inc.*, 380 N.W.2d 644, 645-46 (N.D. 1986). Wades Welding was not required to bring an action against Gordon before recovering in equity from Tioga Properties. The district court did not err in awarding Wades Welding the value of its work on the restaurant under the doctrine of unjust enrichment.

VI

[¶36] Tioga Properties asserts it should be awarded its costs and attorney's fees for successfully challenging the construction lien on the restaurant property. Tioga Properties claims it is entitled to its costs and attorney's fees because the lien on the restaurant could not be enforced.

[¶37] Under N.D.C.C. § 35-27-24.1, "[a]ny owner that successfully contests the validity or accuracy of a construction lien by any action in district court must be awarded the full amount of all costs and reasonable attorney's fees incurred by the owner."

[¶38] "When a provision at issue is unambiguous, this Court looks to the plain language of the statute to ascertain its meaning." *City of Jamestown v. Nygaard*, 2021 ND 172, ¶ 13, 965 N.W.2d 47. In construing a statute, the law is what is said, not what is unsaid, and the mention of one thing implies exclusion of another. *Id.*

[¶39] The district court concluded the construction lien on the restaurant was valid; however, it could not be enforced because Wades Welding did not serve

11

notice of the foreclosure action on the current owners of the property. Because the lien was valid but unenforceable due to a service error, Tioga Properties is not entitled to its costs and attorney's fees relating to its challenge of the restaurant lien.

## VII

[¶40] The remaining arguments raised by Tioga Properties are unnecessary to resolve the disposition of this case. The judgment is affirmed.

[¶41] Jon J. Jensen, C.J.
      Gerald W. VandeWalle
      Daniel J. Crothers
      Lisa Fair McEvers
      Jerod E. Tufte