# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2023 ND 43

4201 2nd Ave. W., LLC, d.b.a. Safari Fuels 105,        Plaintiff and Appellant

v.

First State Bank & Trust,        Defendant and Appellee

and

First State Bank & Trust,        Third-Party Plaintiff and Appellee

v.

4201 2nd Ave. W., LLC;        Third-Party Defendant and Appellant

and

Safari Fuels Managament, LLC;

Topped Off Coffee, LLC;        Third-Party Defendants

and

City of Williston,        Third-Party Defendant and Appellee

### No. 20220309

Appeal from the District Court of Williams County, Northwest Judicial District, the Honorable Kirsten M. Sjue, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Chief Justice.

Charles L. Neff, Williston, ND, for plaintiff and appellant and third-party defendant and appellant.

Jessica L. Klein (aruged), Richard P. Olson (on brief), and Wanda L. Fischer (on brief), Minot, ND, for defendant and appellee and third-party plaintiff and appellee.

Taylor D. Olson and Jordon J. Evert, Williston, ND, for third-party defendant and appellee; submitted on brief.

**4201 2nd Ave W v. First State Bank & Trust**
**No. 20220309**

**Jensen, Chief Justice.**

[¶1]   4201 2ⁿᵈ Ave. W., LLC, d.b.a. Safari Fuels 105 ("4201") appeals from a district court's judgment finding First State Bank & Trust, formerly First National Bank & Trust Company ("the bank"), held a valid and enforceable security interest in a liquor license and other collateral. 4201 argues the court erred as a matter of law when it determined the bank had a valid and enforceable lien on the liquor license, that res judicata was inapplicable to the case, and that the bank was entitled to reasonable attorney's fees and costs. We affirm.

I

[¶2]   In 2015, the bank loaned approximately $4.34 million to Racers Store 102, LLC ("Racers") under a promissory note for its operation of a convenience store. As security for the loan, Racers signed the bank a leasehold mortgage, security agreement, and fixture filing against real and personal property including a liquor license, coffee kiosk, walk-in freezer, and Kohler generator, among other collateral. In 2016, Racers defaulted on its loan, and the bank commenced a foreclosure action. The complaint sought to compel the sale of real and personal property to satisfy the debt. The bank purchased the real property for approximately $3.2 million leaving over $1 million in remaining debt. During foreclosure proceedings, the bank took control of the convenience store and contracted with 4201 to operate the store while the foreclosure action was pending.

[¶3]   By bill of sale and assignment, Racers transferred its rights, titles, and interests in the ground lease and assets of the store to 4201. 4201 then entered into a forbearance agreement with the bank. The parties subsequently discovered the liquor license could not be transferred until delinquent property taxes were paid. The bank and 4201 executed an addendum to the forbearance agreement agreeing to pay equal shares of the property taxes whereby the liquor license would become an asset of 4201 subject to the existing lien held by the bank. The parties also entered into a personal property pledge in which

4201 pledged to give the bank a continuing first-priority interest in the liquor license, 4201 agreed not to sell, assign, or transfer the license, and 4201 agreed to reimburse the bank for costs associated with defending its interest in the license.

[¶4] In 2021, the bank decided to cease operations of the store and offered to sell the liquor license to 4201. 4201 commenced legal action seeking a declaratory judgment that the bank no longer held a valid and enforceable lien on the liquor license, coffee kiosk, walk-in freezer, and Kohler generator. The bank answered and filed a counterclaim seeking compensation from 4201 for unjust enrichment while operating the store. Following a bench trial, the district court determined the bank held a valid and enforceable security interest in the liquor license and other collateral. The court dismissed the bank's counterclaim and ordered reasonable attorney's fees be paid by 4201 pursuant to the parties' personal property pledge.

## II

[¶5] 4201 argues the bank's foreclosure action against Racers extinguished its security interest in the liquor license because the bank did not pursue a deficiency judgment and thereby forfeited any interest it had in the license. This Court's standard of review for bench trials is well established:

> In an appeal from a bench trial, the district court's findings of fact are reviewed under the clearly erroneous standard of review, and its conclusions of law are fully reviewable. A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, after reviewing all of the evidence, this Court is convinced a mistake has been made. In a bench trial, the district court is the determiner of credibility issues and we will not second-guess the district court on its credibility determinations. Findings of the trial court are presumptively correct.

*Wades Welding LLC v. Tioga Properties LLC*, 2021 ND 214, ¶ 17, 966 N.W.2d 912 (quoting *Gimbel v. Magrum*, 2020 ND 181, ¶ 5, 947 N.W.2d 891). Whether a security interest survives a foreclosure action is a question of law to be

2

reviewed de novo. *See Moen v. Moen*, 519 N.W.2d 10, 13 (N.D. 1994) (finding the district court erred as a matter of law when it extinguished a lien that should have remained after a sheriff's sale). The district court's factual findings on the issue are reviewed for clear error.

[¶6] Section 32-19-06.1, N.D.C.C., describes the method by which a mortgagee may request a deficiency judgment during a real property foreclosure. The statute states, in part: "In an action involving the foreclosure of a mortgage on commercial real property, the plaintiff shall state in the pleading whether a deficiency judgment will be sought and if sought shall identify the parties claimed to be personally liable and demand a deficiency judgment against those parties." *Id.* Nothing in the statute requires a mortgagee to seek a deficiency judgment. The statute outlines what is required if the mortgagee requests one. Nothing in the statute requires a mortgagee to foreclose against personal property secured in the same action as real property. "[A] deficiency judgment is an imposition of personal liability against the debtor for payment of the unpaid balance of a debt and is separate and distinct from enforcement of the debt against collateral given to secure the debt." *United Bank of Bismarck v. Glatt*, 420 N.W.2d 743, 745 (N.D. 1988). Secured creditors may proceed against all collateral in a single action (*see State Bank of Towner v. Hansen*, 302 N.W.2d 760, 764 (N.D. 1981)), or they may recover "on a debt against personal property collateral after foreclosing a mortgage securing the same debt." *Oliver-Mercer Elec. Co-op., Inc. v. Davis*, 2005 ND 99, ¶ 4, 696 N.W.2d 924 (quoting *Glatt* at 745).

[¶7] Here, the bank reserved the right to seek a deficiency judgment in its complaint, and requested security interest in certain personal property be sold prior to the land sale. However, the bank's decision to not move forward with a deficiency judgment or sale of personal property at that time did not render it without remedy. Relying on our decision in *First International Bank & Trust v. Peterson*, 2009 ND 207, ¶ 10, 776 N.W.2d 543 (finding that a bank's payment of debt was discharged in full upon complete payment of the underlying debt by the guarantor), the district court determined that because Racer's debt was not fully extinguished by the land sale (approximately $1 million remained),

the bank was allowed to maintain its security interests in the remaining collateral and foreclose upon those interests later to satisfy the remaining debt.

[¶8] The district court also noted the bank's foreclosure complaint listed no specific reference to the liquor license, stating that "[t]he only property which is specifically described in the Complaint . . . is the property description of the real estate where the convenience store is situated. . . . there is no indication in the record . . . that any issues regarding personal property collateral were actually litigated by the parties[.]" While the complaint may have put Racers on notice as to the general nature of its claims, the bank was free to sell the real property and take a different course of action with the personal property. *See Tibert v. Minto Grain, LLC*, 2004 ND 133, ¶ 18, 682 N.W.2d 294 (citations omitted) ("[A] complaint need contain only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' The purpose of this liberalized pleading requirement is to 'place the defendant on notice as to the general nature of a plaintiff's claim.'").

[¶9] The bank's remaining security interest in the liquor license is supported by the language of the addendum to the forbearance agreement between the bank and 4201:

6.    That 4201 has made an application to the City of Williston to transfer the liquor license held by Racers Store 102, LLC and/or Racers Store Management, LLC.

7.    Upon successful application, renewal and/or transfer of the liquor license to 4201, the liquor license becomes an asset of 4201 *subject to the existing lien* held by First National for the Races Store 102, LLC loans. 4201 shall execute any and all documents necessary to continue the existing lien over the liquor license or it shall execute any and all additional documents to grant a new security interest in the liquor license to First National.

(Emphasis added.) By signing the addendum 4201 acknowledged that the bank maintained an existing lien in the liquor license and that 4201 was taking any

4

interest in the license subject to the bank's priority. The district court found the bank maintained a valid and enforceable security interest in the liquor license and other collateral, and that it was entitled to foreclose upon those items in its dealings with 4201. The court's finding was not induced by an erroneous view of the law, there is evidence to support it, and after reviewing all the evidence, we are not left with a definite and firm conviction a mistake was made. The court did not err in finding the bank's security interest in the liquor license survived its foreclosure action against Racers.

## III

[¶10] 4201 argues the bank was required to file an N.D.R.Civ.P. Rule 60 motion in its earlier action against Racers in order to foreclose upon its interest in the liquor license and other collateral. Rule 60, N.D.R.Civ.P., allows a court to grant relief from a final judgment for a variety of reasons not limited to mistake, inadvertence, surprise, excusable neglect, or any other reason that justifies relief. N.D.R.Civ.P. 60(b)(1), (6). Rule 60 does not apply to this case because the judgment in the bank's foreclosure action against Racers was not tied to its separate legal action against 4201, who was never a party to the foreclosure judgment. The bank was not required to amend the earlier judgment in litigation with a third-party in order to obtain relief. The bank was entitled to seek relief on its existing lien that was acknowledged in the addendum to forbearance agreement and personal property pledge. 4201's assertion the bank was required to amend the judgment in the earlier proceeding against Racers is without merit.

## IV

[¶11] 4201 contends the bank is barred by the doctrine of res judicata from attempting to litigate its interest in the liquor license after the foreclosure action against Racers was completed. 4201 argues the forbearance agreements and personal property pledge establish that 4201 stood in "privity" with Racers because these contracts "tied the liquor license bought by [4201] to the Racers Promissory Note, and security package involved in the foreclosure litigation."

[¶12] The doctrine of res judicata presents a question of law fully reviewable on appeal. *Hall v. Estate of Hall*, 2020 ND 205, ¶ 18, 950 N.W.2d 168. "Res judicata, or claim preclusion, prevents relitigation of claims that were raised, or could have been raised, in prior actions between the same parties or their privies." *Id.* at ¶ 17 (quoting *Sundance Oil & Gas, LLC v. Hess Corp.*, 2017 ND 269, ¶ 6, 903 N.W.2d 712). All elements of res judicata must be present for it to apply. *Id.* One element includes involvement between the same parties or their privies. *Id.* "Privity exists when one is so identified in interest with another that the person represents the same legal right." *Id.* at ¶ 18. Privity includes:

> [A] person who is not technically a party to a judgment, or in privity with him, but who is, nevertheless, connected with it by his interest in the prior litigation and by *his right to participate therein*, at least where such right is actively exercised by prosecution of the action, employment of counsel, control of the defense, filing of an answer, payment of expenses or costs of the action, the taking of an appeal, or the doing of such other acts as are generally done by parties.

*Id.* (quoting *Ungar v. N.D. State Univ.*, 2006 ND 185, ¶ 12, 721 N.W.2d 16) (emphasis added).

[¶13] Here, the district court found that 4201 was a "middleman of sorts in the transaction, working cooperatively with the Bank to operate the store during the foreclosure period and accepting a transfer of assets from Racers, but it was not so identified in interest with either that it represented the same legal right." The court noted that 4201 did not defend or partake in the foreclosure action with Racers in any way, and thus was not in privity with Racers. The court did not err in determining privity did not exist between Racers and 4201 nor did it err in determining the doctrine of res judicata was inapplicable to this case.

V

[¶14] 4201 argues that in the event the case is remanded and later resolved in 4201's favor, it should receive attorney's fees to reimburse for its own litigation expenses. 4201 argues it was entitled to attorney's fees in "[upholding] 4201's

6

Bill of Sale (including liquor license No. 125 which is the subject of the Pledge) and to defend the Bank's Counterclaim[.]" 4201, noting its obligation to reimburse the bank for costs associated with defending its interest in the license, asserts that "[a]pplying the factors for interpretation of contracts (Chapter 9-07 N.D.C.C.) favor the remedy of attorney's fees to be mutual to both parties."

[¶15] "Interpretation of a contract is a question of law, and on appeal this Court independently examines and construes the contract to determine if the district court erred in its interpretation." *Larson Latham Huettl LLP v. Burckhard*, 2022 ND 230, ¶ 15, 983 N.W.2d 169. This Court has stated that contract interpretation involves:

> [Giving] effect to the parties' mutual intent at the time the contract was formed. If possible, we will look to the language of the contract alone to determine the parties' intent. Words are given their ordinary and popular meaning unless the words are used in a technical sense or given a special meaning. When interpreting a contract, we will read the contract as a whole to give effect to each provision. Whether a contract is ambiguous is a question of law.

*Ordahl, LCC v. Lykken*, 2022 ND 193, ¶ 6, 981 N.W.2d 901 (citations and quotations omitted).

[¶16] 4201 acknowledges the personal pledge signed by 4201 and the bank does not allow 4201 to recover fees but allows the bank to recover "all costs and expenses (including without limitation reasonable attorney fees and legal expenses) incurred by Lender in connection with the protection, defense or enforcement of this PLEDGE in any litigation or bankruptcy or insolvency proceeding." The plain language of the contract clearly allows for reimbursement of fees related to the protection or defense of the liquor license by the bank who is the lender to the contract. The contract does not indicate that 4201 as pledgor is entitled to recovery of its reasonable attorney's fees and costs. No ambiguity exists as to the pledge. Contrary to what 4201 contends, the statutes found in N.D.C.C. ch. 9-07 do not support a finding that attorney's fees be mutual for both parties. The district court did not err in denying

7

reasonable attorney's fees to 4201 nor did it err in awarding reasonable attorney's fees to the bank.

VI

[¶17] The district court properly found the bank held a valid and enforceable lien on the liquor license and other collateral, res judicata was inapplicable because no privity existed between Racers and 4201, and the bank was entitled to reasonable attorney's fees and costs. The judgment is affirmed.

[¶18] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Allan L. Schmalenberger, S.J.

[¶19] The Honorable Allan L. Schmalenberger, S.J., sitting in place of Bahr, J., disqualified.